NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3375
_____

EBER NORIEGA-MARTINEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A206-192-261)
Immigration Judge:  Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2020

Before:  HARDIMAN, RENDELL and FISHER, *Circuit Judges*.

(Filed: May 19, 2020)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Eber Noriega-Martinez, a native and citizen of Mexico, seeks review of a final order of removal. The immigration judge (IJ) denied his request for cancellation of removal and the Board of Immigration Appeals (BIA) affirmed without an opinion.[1] Noriega-Martinez argues that the IJ erred in minimizing the hardship his three children would experience if he is removed and in not considering the facts regarding the hardship cumulatively. Because we lack jurisdiction to consider these arguments, we will dismiss the petition.

The Attorney General may cancel the removal of an alien who (1) has been in the United States continuously for ten years, (2) has good moral character, (3) has not been convicted of certain crimes, and (4) "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States."[2] Congress worded the fourth requirement as it did "to emphasize that the alien must provide evidence of harm . . . substantially beyond that which ordinarily would be expected to result from the alien's deportation."[3]

The Government concedes that Noriega-Martinez has been in the United States for ten years and has good moral character. There is no indication that he has been convicted

---

[1] "Although our jurisdiction only extends to final orders of removal and thus only to decisions of the BIA," here the BIA "adopted [and] affirmed" the IJ's decision, so that is the decision we review. *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 177 (3d Cir. 2020) (citations omitted).

[2] 8 U.S.C. § 1229b(b)(1).

[3] *Mejia-Castanon v. Att'y Gen.*, 931 F.3d 224, 228 (3d Cir. 2019) (quoting H.R. Rep. No. 104-828, at 213 (1996) (Conf. Rep.)).

of one of the crimes enumerated in the statute. Therefore, the only issue before the IJ and BIA was whether his removal would cause exceptional and extremely unusual hardship to his three U.S. citizen children. The IJ reviewed the parties' arguments thoroughly, calling this a difficult case. He concluded that although Noriega-Martinez's children would suffer hardship, Noriega-Martinez did not "prove[] by a preponderance of the evidence that there is such cumulative hardship that indeed is substantially beyond that which would ordinarily be suffered."[4]

The Immigration and Nationality Act deprives us of jurisdiction to review the agency's determination regarding cancellation of removal.[5] Our jurisdiction extends only to the "review of constitutional claims or questions of law."[6] In light of the statute's clear language, we have squarely and repeatedly held that, in the context of requests for cancellation of removal, we lack "jurisdiction to review the decision of the [IJ] and the [BIA] that [a petitioner's] U.S. citizen children would not suffer an extreme and unusual hardship as a result of [the petitioner's] deportation."[7]

Arguments like the ones Noriega-Martinez makes, that "the IJ gave short shrift to crucial evidence, ignored crucial and uncontradicted evidence, . . . and . . . simply looked

---

[4] JA15.

[5] 8 U.S.C. § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b [cancellation of removal].").

[6] *Id.* § 1252(a)(2)(D).

[7] *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 176-77 (3d Cir. 2003); *see also Radiowala v. Att'y Gen.*, 930 F.3d 577, 582 (3d Cir. 2019); *Patel v. Att'y Gen.*, 619 F.3d 230, 233 (3d Cir. 2010).

at individual factors rather than provide an evaluation of the factors in the aggregate[,] . . . do not raise constitutional claims or questions of law."[8] Rather, they are unreviewable disputes about "the exercise of discretion and the correctness of the factual findings reached by the agency."[9]

Noriega-Martinez's second argument—that the IJ failed to consider all the facts cumulatively—could conceivably be construed as a legal argument that the IJ did not "appl[y] the appropriate standard."[10] As explained, we do not view the argument that way; but even if we did, it would be unavailing. In his lengthy and careful opinion, the IJ clearly considered the hardships to Noriega-Martinez's children cumulatively, as the opinion repeatedly states.

For these reasons, we will dismiss the petition.

---

[8] *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) (per curiam) (internal quotation marks and citations omitted).
[9] *Id.* (quoting *Emokah v. Mukasey*, 523 F.3d 110, 119 (2d Cir. 2008)).
[10] *Radiowala*, 930 F.3d at 582.